UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Hon. Joseph H. Rodriguez |
| v. | : | Criminal No. 06-19 |
| | : | |
| CLIFTON BARNEY, | : | |
| | : | **Opinion** |

Presently before the Court is the motion of Defendant Clifton Barney ("Barney") seeking a reduction of his federal sentence pursuant to 18 U.S.C. § 3582(c)(2). On June 14, 2006, Barney pleaded guilty to Possession with Intent to Distribute More Than 5 Grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). PSR ¶ 1. The Presentence Report classified Barney as a career offender and, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, calculated a total offense level of 31 and placed Barney in criminal history category VI. Pursuant to the Career Offender Guidelines, these calculations produced an advisory sentencing range of 188 to 235 months imprisonment.

At sentencing, however, the Court relied on the Crack Cocaine Guidelines set forth in U.S.S.G. § 2D1.1 and the weight of the crack to formulate Barney's offense level, thereby reducing it by two points to an offense level of 29. Then the Court downwardly departed from career offender designation pursuant to U.S.S.G. § 4A1.3, which decreased Barney's criminal history category to category V. The downward departure from the career offender designation coupled with the U.S.S.G. § 2D1.1 calculation resulted in an advisory sentencing range of 140 to 175 months imprisonment under the

1

Crack Cocaine Guidelines. This is the range that would have applied absent the career offender enhancement.

Importantly, even though Barney was designated a career offender, the § 4A1.3 departure resulted in Barney's sentence being imposed under the Crack Cocaine Guidelines provision of U.S.S.G. § 2D1.1. On March 1, 2007, the Court sentenced Barney to a term of 150 months imprisonment. Now, he moves pursuant to 18 U.S.C. § 3582(c)(2) to adjust his sentence, relying upon an amendment to the Federal Sentencing Guidelines that lowered the base offense levels applicable to cocaine base offenses.[1] The issue before the Court is whether Barney's applicable guideline range is defined as the Career Offender Guidelines range or the Crack Cocaine Guidelines range. Barney is eligible for a § 3582(c)(2) reduction if his applicable guidelines range is the Crack Cocaine Guidelines range.

The Court has considered the written submissions of the parties, as well as the arguments advanced at the hearing on May 18, 2011. For the reasons expressed below, the Court finds that Mr. Barney is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) because his applicable guidelines range is the Career Offender Guidelines range.

Pursuant to 18 U.S.C. § 3582(c), Barney's sentence may be reduced only if his sentence was "based on a sentencing range that has subsequently been lowered by

---

[1]Following Barney's sentencing, the United States Sentencing Commission amended the Sentencing Guidelines to reflect a two level decrease of the base offense levels for crack offenses. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). In 2008, the Sentencing Commission made Amendment 706 retroactive. U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008); see also United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Barney seeks a reduction of his sentence in accordance with Amendment 706.

the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . [and] . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  The parties agree that Barney qualifies for the reduction under the first requirement of 18 U.S.C. § 3582(c)(2).  Even though Barney qualified as a career offender under U.S.S.G. § 4B1.1, his sentence was ultimately *based on* a sentencing range calculated under the Crack Cocaine Guidelines provision of U.S.S.G. § 2D1.1, which is a "sentencing range that has subsequently been lowered by the Sentencing Commission." See United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009).  As a result, Barney remains eligible for a sentence reduction under this part of the test. United States v. Flemming, 617 F.3d 252, 260 (3d Cir. 2010).

The more difficult question is presented by the second requirement: whether a reduction of Barney's sentence "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c).  The policy statement at issue here is set forth in U.S.S.G.§ 1B1.10(a)(2)(B) and is binding on the courts. See Dillon v. United States, – U.S. – , 130 S.Ct. 2683, 2690-91 (2010) (A reduction of sentence pursuant to § 3582(c) is appropriate only "'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'-namely, § 1B1.10.") (quoting 18 U.S.C. § 3582(c)).  The policy statement in § 1B1.10 provides that a defendant is ineligible for a reduction in sentence where "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's *applicable guideline range*." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).  It is well settled that "Amendment 706 simply provides no benefit to career offenders."  Mateo, 560 F.3d at 155.  Therefore, the Court must determine whether Barney's *applicable guideline range* is the Crack Cocaine Guidelines,

3

which would make him eligible for the sentence reduction, or the Career Offender Guidelines, which would render him ineligible for the reduction. Id. at 154-55.

"The Sentencing Guidelines contain no global definition of the phrase 'applicable guideline range.'" Flemming, 617 F.3d at 261. Historically, the Third Circuit has looked to the Sentencing Guidelines' Application Instructions to determine a defendant's applicable guideline range. See id. (citing United States v. Doe, 564 F.3d 305, 308 (3d Cir. 2009). However, the Third Circuit in Flemming held that the Application Instructions provide no clear definition of the applicable guideline range for a career offender who receives a § 4A1.3 downward departure and is sentenced under the Crack Cocaine Guidelines. Id. The analysis in Flemming is persuasive and, as set forth below, compels the conclusion that Barney's applicable guideline range is the Career Offender Guidelines range.

In Flemming, the Third Circuit considered the defendant's eligibility for a reduction in sentence pursuant to § 3582(c)(2) under circumstances that are substantially similar to the present case. Flemming qualified as a career offender, received a downward departure pursuant to § 4A1.3, and was ultimately sentenced under the Crack Cocaine Guidelines. Id. Like Barney, Flemming's eligibility for the reduction turned on whether his applicable guideline range was established before (Career Offender Guidelines) or after (Crack Cocaine Guidelines) his § 4A1.3 departure. Id. at 252. Following a detailed analysis of the Application Instructions, the Court concluded that the Application Instructions were ambiguous and did not resolve the issue. Id. at 265. Therefore, the Court applied the Rule of Lenity and held that Flemming was eligible for a reduction of his sentence because there was no clear

definition of his applicable guideline range that could be gleaned from the 2001 edition of the Sentencing Guidelines Manual.[2] Id.

While Flemming's circumstances are very similar to Barney's, they differ in one critical aspect: Flemming was sentenced under a 2001 version of the sentencing guidelines while Barney was sentenced under a post-2003 version of the sentencing guidelines.  In 2003, the Sentencing Guidelines were amended to include an addition to the commentary to U.S.S.G. § 1B1.1.  Amendment 651 adds a definition of the term "departure":

> "Departure" means (I) for purposes other than those specified in subdivision (ii), imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence; and (ii) for purposes of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category), assignment of a criminal history category other than the otherwise applicable criminal history category in order to effect a sentence outside the applicable guideline range.

U.S.S.G. § 1B1.1 cmt. n.1(E) (2003).

Amendment 651 could not be considered in determining Flemming's eligibility for a sentencing reduction because Flemming was sentenced before the Amendment's publication in 2003.  Nonetheless, Flemming thoroughly examined Amendment 651 and the Court suggested that its holding may be different if the amendment applied.  "This new definition of 'departure' appears to indicate that a § 4A1.3 downward departure is a departure from, rather than to, the 'applicable guideline range.'"  Flemming, 617 F.3d at

---

[2] The reasoning underscoring Flemming methodically centered on the Sentencing Guidelines' Application Instructions that "were ambiguous as to whether a § 4A1.3 downward departure is applied at the first step or at the fourth step, after the 'applicable guideline range' had already been set."  United States v. Thompson, No. 10-2349, 2011 WL 355597, *2  (3d Cir. Jan. 6, 2011).

266 (quoting U.S.S.G. § 1B1.1 cmt. n. 1(E) (2003)).  The Court continued, offering that the new definition of departure "may resolve [the] ambiguity" in the Application Instructions and define the applicable guideline range for a defendant who receives a § 4A1.3 departure as the Career Offender range.  Id. at 266-67.  Put differently, Flemming ardently suggests that a career offender's applicable guideline range is defined as the range he achieves as career offender.[3]

The analysis in Flemming provides significant guidance, but begrudgingly detours from resolving the tension between a literal reading of the United States Sentencing Guidelines' Application Instructions set forth in U.S.S.G. §1B1.1 and the commentary to that provision as amended by U.S.S.G. § 1B1.1 cmt. n. 1(E) (2003). Indeed, Barney's application falls squarely within this tension and presents an issue Flemming discusses, but leaves unresolved: whether Amendment 651 defines Barney's applicable guideline range as the Career Offender Guidelines range (as determined pre-departure) or the Crack Cocaine Guidelines range (as determined post-departure).  Even though Flemming does not definitively decide the issue, the Third Circuit's discussion of

---

[3] Following publication of Amendment 651, the circuit courts struggled to ascertain the definition's impact on determining a defendant's *applicable guideline range*.  Because the definition of "departure" explicitly references departures pursuant to § 4A1.3, a number of circuits have concluded that a career offender's applicable guideline range is determined *prior* to a downward departure for overstated criminal history. See, e.g., United States v. Pembrook, 609 F.3d 381, 385-86 (6th Cir. 2010); United States v. Darton, 595 F.3d 1191, 1194 (10th Cir. 2010); United States v. Tolliver, 570 F.3d 1062, 1066 (8th Cir. 2009).  Flemming discussed the circumstances that occasioned the decisions in Pembrook, Darton, and Tolliver and concluded that the analyses were flawed because of *ex post facto* implications. Flemming 617 F.3d at 267. However, the Third Circuit appeared to agree with the conclusion that the definition of "departure" set forth in Amendment 651 forecloses application of § 3582(c) to a defendant who is designated a career offender but receives a § 4A1.3 departure.  Id. at 270.

Amendment 651 is compelling and strong indication of the Court's prospective ruling on the present issue, as evidenced by its progeny.

On the heels of Flemming, the Third Circuit issued a decision in United States v. Thompson, No. 10-2349, 2011 WL 355597 (3d Cir. Jan. 6, 2011).  Like Barney, Thompson was a career offender who was sentenced pursuant to the Crack Cocaine Guidelines under a post-2003 version of the guidelines.  Albeit a non-precedential decision, Thompson expressly relies on Flemming in concluding that the defendant was ineligible as a matter of law for a sentence reduction because his applicable guideline range was "the range defined by his career offender status."  Id. 2011 WL 355597 at *3.

Thompson is marginally distinguishable from Barney in that the district court did not depart from, but rather varied down from, Thompson's career offender designation pursuant to 18 U.S.C. § 3553(a).  The Third Circuit found this distinction immaterial, holding that "even if the District Court had granted a downward departure from the career offender guidelines, Thompson's 'applicable guideline range' would still be the range defined by his career offender status, *i.e,* the range calculated before the departure was applied."  Id. (emphasis added).  Ultimately, the Court concluded that "Amendment 706 had no effect on Thompson's 'applicable guideline range'" and that he was ineligible for a sentence reduction. Id.

Barney presents thoughtful arguments in favor of his eligibility for a § 3582(c)(2) sentence reduction.  Indeed, district courts are not bound by non-precedential opinions issued by a circuit court.  In re Grand Jury Investigation, 445 F.3d 266, 276 (3d Cir. 2006).  However, district courts may rely on non-precedential opinions as strongly persuasive authority.  Id.  This Court finds the reasoning underscoring Thompson

7

persuasive.  In addition, Thompson expressly relies on Flemming, a precedential opinion, that signals, in clear terms, the Third Circuit's position on the interplay between Amendment 651 and the Sentencing Guidelines' Application Instructions. The analysis in Flemming gives considerable weight to the holding in Thompson.

Considered together, Flemming and Thompson compel the conclusion that because Barney was designated a career offender, he is ineligible for a reduction of sentence pursuant to § 3582(c)(2).  As a result, Barney's motion is denied.

## CONCLUSION

Given that Clifton Barney was designated a career offender, his applicable guideline range remains the Career Offender Guidelines range, even though this Court ultimately departed from that designation. See Flemming, 617 F.3d at 266-67.  As a result, Barney is ineligible for a reduction of sentence pursuant to § 3582(c)(2) because the reduction would "not have the effect of lowering [his] applicable guideline range." U.S.S.G.§ 1B1.10(a)(2)(B).  Barney's Career Offender guideline range is not affected by Amendment 706 and his motion for a reduction of sentence is denied.

An appropriate Order shall issue.


Dated: May 26, 2011

                                /s/ Joseph H. Rodriguez
                                Hon. Joseph H. Rodriguez,
                                UNITED STATES DISTRICT JUDGE